United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 09, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 21-33716** |
| SMDONOVICK VENTURES, LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | **CHAPTER 7** |

## MEMORANDUM OPINION AND ORDER
*Regarding ECF No. 6*

Pending before the Court is a single matter self-styled as "Trustee's Motion to Dismiss for Failure to Attend § 341 Meeting of Creditors"[1] filed by Randy W. Williams, chapter 7 trustee on December 21, 2021.  On February 7, 2022, and March 8, 2022, the Court held hearings.  After considering the pleadings on file, evidence in the record, arguments of counsel, and applicable law, the Court issues the instant order.

### I.   JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11."  Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), this is a core matter.  Because this is a core matter expressly brought under the Code,[3] the Supreme Court's holding in *Stern v. Marshall*[4] is not applicable, and this Court holds constitutional authority to enter a final order and judgment with respect to the core matter at bar.  Finally, venue is governed by 28 U.S.C. §§ 1408 and 1409.  Here, venue is proper because the Court is presiding over the underlying bankruptcy case, and Debtor's principal place of business is in Houston, Texas.[5]

### II.   BACKGROUND

1.  On November 16, 2021, SMDonovick Ventures, LLC ("*Debtor*") filed its initial petition under chapter 7, of title 11 of the Code.[6]

---

[1] ECF No. 6.

[2] 28 U.S.C. § 157(a); *see also* In re Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[3] 11 U.S.C. §§ 542, 547.

[4] *Stern v. Marshall*, 564 U.S. 462 (2011).

[5] ECF No. 1.

[6] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.

2.  The United States Trustee ("*UST*") appointed Randy W. Williams ("*Williams*") to serve as the chapter 7 trustee ("*Chapter 7 Trustee*") in this case and he continues to serve in that capacity.

3.  Debtor SMDonovick Ventures, LLC is represented in this bankruptcy case by Jessica Lee Hoff (*Ms. Hoff*") of the Hoff Law Offices, PC (collectively, "*Ms. Hoff*").[7]

4.  The bankruptcy petition was signed by Stephen M. Donovick, ("*Mr. Donovick*") as Debtor's authorized representative and its counsel, Hoff.

5.  Debtor's schedules reflect that it has $5,693.00 in assets and $113,714.09 in liabilities.[8]

6.  Debtor's Statement of Financial Affairs reflects that it paid Ms. Hoff the total amount of $6,838.00 on October 30, 2021.[9]

7.  On December 20, 2021, the initial meeting of creditors was held, via teleconference.  Both Debtor and Ms. Hoff failed to appear.[10]

8.  On December 21, 2021, the Chapter 7 Trustee filed a single pleading self-styled as "Trustee's Motion to Dismiss for Failure to Attend § 341 Meeting of Creditors" ("*Motion to Dismiss*").[11]

9.  On January 6, 2022, Debtor, through Mr. Donovick, contacted the UST, via email communication to advise that Debtor's last communication with Ms. Hoff was on December 17, 2021. Specifically, Ms. Hoff's staff sent Mr. Donovick an email to advise him that Ms. Hoff was in the hospital with health issues, and she would request a continuance of the December 20, 2021, meeting of creditors.[12]

10. On January 11, 2022, the UST filed a response and requested a hearing ("*Response*").[13]

11. On January 13, 2022, the Court issued an order which required that all parties appear for an in person hearing in Courtroom No. 402, Houston, Texas.  The order further stated that the failure of any party to appear at this hearing and in person (other than the Trustee) may be cause for this Court to issue further orders including the issuance of a bench warrant for their arrest.

12. On February 7, 2022, the Court held a hearing ("*Hearing*").[14]  At the Hearing, ECF No. 14-1, the UST's Exhibits A-M were admitted into evidence.  Mr. Donovick appeared in person at the Hearing but Ms. Hoff did not.  On the same date, the Court issued a bench warrant for Ms. Hoff.[15]

---

[7] ECF No. 1.
[8] ECF No. 1 at 25.
[9] ECF No. 1 at 30, ¶ 11.1.
[10] December 20, 2021 Min. Entry.
[11] ECF No. 6.
[12] ECF No 14-1, Ex. J.
[13] ECF No. 8.
[14] ECF No. 16.
[15] ECF No. 15.

13. On February 24, 2022, the Court held a hearing in which Ms. Hoff self-surrendered to the United States Marshalls Service and appeared via video conference rather than in person based on advice of her counsel who was present in the courtroom.[16]

14. On March 8, 2022, the Court held a final hearing where Ms. Hoff self-surrendered to the United States Marshalls Service and appeared in person at the hearing along with her counsel. The Court terminated the arrest warrant and Jessica Lee Hoff (Southern District of Texas Admission #2526899) voluntarily surrendered her admission to the Southern District of Texas effective immediately.[17]

## III.   ANALYSIS

In the Trustee's Motion to Dismiss, the Chapter 7 Trustee asserts that dismissal of this case is warranted on the ground of unreasonable delay by Debtor for failure to appear at the § 341 Meeting of Creditors on December 20, 2021 pursuant to Bankruptcy Local Rule 1017-2(a)(8).[18] It is uncontroverted that both Debtor and Ms. Hoff failed to appear.[19]  However, at the Hearing, the UST demonstrated that Mr. Donovick contacted the UST via email communication to advise that Debtor's last communication with Ms. Hoff was on December 17, 2021.[20]  The UST further demonstrated that Ms. Hoff's staff sent Mr. Donovick an email to advise him that Ms. Hoff was in the hospital with health issues and she would request a continuance of the December 20, 2021 meeting of creditors.[21]  Additionally, at the March 8, 2022 hearing, Ms. Hoff testified that she advised Mr. Donovick not to attend the December 20, 2021 Meeting of Creditors which in turn triggered the filing of the Trustee's Motion to Dismiss.  In light of Mr. Donovick's explanation and good faith participation in subsequent Court proceedings the Court does not find fault in Debtor's failure to appear at the December 20, 2021 Meeting of Creditors.  The Court also finds good cause to continue the Trustee's Motion to Dismiss"[22] to April 6, 2022 at 11:00 am (Central Standard Time) to permit Debtor to obtain new counsel.  Failure of Debtor to do so will result in the granting of the Trustee's Motion to Dismiss.

Regarding Jessica Lee Hoff, the Court finds good cause to order disgorgement of the pre-petition retainer she received but has not earned.  A complete disclosure of the amounts paid to an attorney for a debtor within one year before the filing of a bankruptcy petition is mandated by 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b) if the amounts paid are "in contemplation of . . . or . . . . in connection with . . . the bankruptcy case."[23]  If a compensation payment is subject to disclosure under either test, § 329(b) of the Bankruptcy Code and Bankruptcy Rule 2017 authorize the Court to act upon that disclosure by determining whether such payments exceeds the

---

[16] ECF No. 19.
[17] *Id.*
[18] ECF No. 6.
[19] *Id.* at 1, ¶ 2.
[20] ECF No 14-1, Ex. J.
[21] *Id.*
[22] ECF No. 6.
[23] 11 U.S.C. § 329(a); FED. R. BANKR. P. 2016(b).

reasonable value of any such services and by ordering the return of all or any part of such payments.[24]   Here, the Court determines that Jessica Lee Hoff's services did not provide any reasonable value to the Debtor.   At the March 8, 2022 hearing, Jessica Lee Hoff stated on the record that not only did she fail to appear at the Meeting of Creditors herself, but that she also improperly advised Debtor not to attend as well.[25]   Furthermore, Jessica Lee Hoff failed to provide any evidence or argue that she provided value to the Debtor in any other way.   Thus, the Court orders disgorgement of Jessica Lee Hoff's entire $6,838.00 pre-petition retainer.   Additionally, at the conclusion of the hearing Jessica Lee Hoff voluntarily surrendered her admission to the Southern District of Texas effective immediately.[26]   Accordingly, it is therefore:

**ORDERED**: that

1. Not later than May 9, 2022, Jessica Lee Hoff and Hoff Law Offices PC must return the sum of $6,838.00 in good and sufficient funds to SMDonovick Ventures, LLC. This is a disgorgement order of the pre-petition retainer she received and has not earned. A certificate of compliance must be filed with the Clerk of Court no later than May 10, 2022.

2. Any written or oral agreements between Jessica Lee Hoff and Hoff Law Offices PC and SMDonovick Ventures, LLC are canceled.

3. Jessica Lee Hoff (Southern District of Texas Admission #2526899) admission to the Southern District of Texas is terminated effective immediately.[27]

4. Jessica Lee Hoff must provide to the United States Trustee via email a complete and accurate list of the matters, including case name and number, in which she and/or her firm, Hoff Law Offices PC, has ongoing representation in the Southern District of Texas no later than March 22, 2022 and file a certificate of compliance with the Clerk of Court not later than March 23, 2022.

5. SMDonovick Ventures, LLC shall have until April 6, 2022 to obtain new counsel.  Failure to obtain new counsel will result in dismissal of this case without further order of this Court.

6. The Chapter 7 Trustee's Motion to Dismiss is continued to **April 6, 2022 at 11:00 a.m. (Central Standard Time**) before the United States Bankruptcy Court, Bob Casey Federal Building, Courtroom #402, 515 Rusk, Houston Texas.

7. Pursuant to Bankruptcy General Order 2021-05 parties may either appear electronically or in person unless otherwise ordered by this Court.

---

[24] 11 U.S.C. § 329(b); FED. R. BANKR. P. 2017; see also *In re Healey*, No. 15-60471, 2016 Bankr. LEXIS 2872, at *6-7 (Bankr. E.D. Tex. 2016) ("These disclosure and enforcement provisions are "part of a regulatory scheme put in place to combat overreaching by debtor's counsel, . . . enacted in response to the concern that payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.").
[25] ECF No. 28.
[26] *Id.*
[27] *Id.*

8. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510,** conference room number 999276 **AND** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez.

9. Any other relief not granted herein is expressly DENIED.


SIGNED March 9, 2022



_____
Eduardo Rodriguez
United States Bankruptcy Judge